**TYSON & MENDES LLP**
THOMAS E. MCGRATH
Nevada Bar No. 7086
Email: TMcGrath@TysonMendes.com
SARAH B. HARTIG, ESQ.
Nevada Bar No. 10070
Email: shartig@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant, Tribal Manufacturing, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE as subrogee of Shelley Siroonian;<br><br>    Plaintiff,<br><br>    v.<br><br>UPONOR NORTH AMERICA, INC.; TRIBAL MANUFACTURING, INC.; and DOES 1 - 50,<br><br>    Defendants. | Case No. 2:23-cv-00924-RFB-EJY<br>Dept. No. 11<br><br><br>**DEFENDANT TRIBAL MANUFACTURING, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Tribal Manufacturing, Inc. ("this answering Defendant"), by and through its counsel, the law firm Tyson & Mendes LLP, hereby Answers the Complaint of Plaintiff as follows:

## GENERAL ALLEGATIONS

1. Answering Paragraphs 1, 2, 4, 5, 7, 8, 9, 10 and 11 of the allegations in Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

///

1

2.   Answering Paragraphs 3 and 6 of Plaintiff's Complaint, this answering Defendant denies all allegations contained therein.

3.   Answering Paragraph 12 of Plaintiff's Complaint, this answering Defendant asserts that said paragraphs contain and/or constitute legal conclusions, to which no response is required. To the extent said paragraphs are determined to contain factual allegations, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

### FIRST CAUSE OF ACTION

### (For Negligence Against All Defendants)

4.   Answering Paragraph 13 of Plaintiff's Complaint, this answering Defendant repeats, re-alleges and incorporates herein, by reference, his responses to Paragraphs 1 through 12 of the allegations in Plaintiff's Complaint as though fully set forth herein.

5.   Answering Paragraphs 14 and 15 of Plaintiff's Complaint, this answering Defendant asserts that said paragraphs contain and/or constitute legal conclusions, to which no response is required. To the extent said paragraphs are determined to contain factual allegations, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

### SECOND CAUSE OF ACTION

### (For Strict Liability Against All Defendants)

6.   Answering Paragraph 16 of Plaintiff's Complaint, this answering Defendant repeats, re-alleges and incorporates herein, by reference, his responses to Paragraphs 1 through 15 of the allegations in Plaintiff's Complaint as though fully set forth herein.

7.   Answering Paragraph 17 of Plaintiff's Complaint, this answering Defendant asserts that said paragraphs contain and/or constitute legal conclusions, to which no response is required. To the extent said paragraphs are determined to contain factual allegations, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

///

2

8.  Answering Paragraphs 18, 19, and 20 of the allegations in Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

### THIRD CAUSE OF ACTION

### (For Breach of Express and Implied Warranties Against All Defendants)

9.  Answering Paragraph 21 of Plaintiff's Complaint, this answering Defendant repeats, re-alleges and incorporates herein, by reference, his responses to Paragraphs 1 through 20 of the allegations in Plaintiff's Complaint as though fully set forth herein.

10. Answering Paragraphs 22, 24, and 25 of Plaintiff's Complaint, this answering Defendant asserts that said paragraphs contain and/or constitute legal conclusions, to which no response is required. To the extent said paragraphs are determined to contain factual allegations, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

11. Answering Paragraph 23 of the allegations in Plaintiff's Complaint, this answering Defendant is without sufficient information to form a belief as to the truth or falsity of any factual allegations contained therein and therefore, on that basis, denies the same.

### AFFIRMATIVE DEFENSES

**Affirmative Defense One:**  *Failure to State a Claim*. The allegations contained in the Plaintiff's Complaint fail to state a cause of action against this answering Defendant upon which relief can be granted.

**Affirmative Defense Two:**  *Statute of Limitations*. Plaintiff's claims are barred by the applicable statute of limitations.

**Affirmative Defense Three:** *Statutes of Repose*. Plaintiff's claims are barred by the applicable statutes of repose.

**Affirmative Defense Four:**  *Equitable Doctrines of Estoppel & Laches*. Plaintiff unreasonably delayed filing the Complaint, which has unduly and severely prejudiced the defense of the action, thereby barring or diminishing recovery herein under the Doctrines of Estoppel & Laches.

**Affirmative Defense Five:**    *Doctrine of Unclean Hands*. Plaintiff's claims are barred, in whole or in part, by the Doctrine of Unclean Hands.

**Affirmative Defense Six:**    *Consent*. Plaintiff agreed to and participated in, those actions claimed to have caused damage. Since such consent and participation were given and done knowingly and voluntarily, the Plaintiff's claims are invalid.

**Affirmative Defense Seven:** *Waiver*. Plaintiff, by way of acts and omissions, have waived any entitlement to any recovery on the claims asserted.

**Affirmative Defense Eight:** *Comparative Fault of the Plaintiff*.  Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by Plaintiff's own conduct, thereby completely or partially barring the Plaintiff from recovering herein; and any judgment in favor of the Plaintiff against this answering Defendant should be reduced in proportion to Plaintiff's own comparative negligence.

**Affirmative Defense Nine:**    *Comparative Fault of the Plaintiffs as Complete Bar to Recovery*. The damages alleged in the Complaint, if any, to Plaintiff were proximately caused or contributed to by Plaintiff's own negligence, and the negligence of the Plaintiff exceeds the negligence, if any, of this answering Defendant and the Plaintiff is therefore barred from any recovery at all.

**Affirmative Defense Ten:**    *Fictitious Defendants*. This answering Defendant is not legally responsible for the acts and/or omissions of those who are named as fictitious defendants.

**Affirmative Defense Eleven**: *Comparative Fault of Unnamed Third Parties*. Plaintiff's damages, if any, were proximately caused and contributed to, in whole or in part, by the acts or omissions of others not named in this lawsuit; wherefore any recovery obtained by Plaintiff from this answering Defendant should be reduced by an amount equal to the percentage of the fault of those unnamed persons.

**Affirmative Defense Twelve:** *Failure to Mitigate Damages:* Plaintiff failed to take reasonable steps to minimize or prevent the damages alleged in the Complaint.

///

///

4

**Affirmative Defense Thirteen:** *Unjust Enrichment.* Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of unjust enrichment in so much as Plaintiff would be unjustly enriched if allowed to recover the damages alleged in the Complaint.

**Affirmative Defense Fourteen***: Attorney's Fees and Costs.* This answering Defendant has employed the services of an attorney to defend this action and a reasonable sum should be allowed for his attorney's fees and for costs incurred in defending this action.

**Affirmative Defense Fifteen:** *Additional Affirmative Defenses.* Pursuant to Nevada Rules of Civil Procedure, Rule 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer and therefore, this answering Defendant has the right to amend this Answer to allege additional affirmative defenses as subsequent investigation warrants.

WHEREFORE, this answering Defendant TRIBAL MANUFACTURING, INC.; prays as follows:

1. That Plaintiff takes nothing by way of her Complaint;

2. For attorney's fees and costs as allowed by law;

3. For such other and further relief as may be deemed just and proper by the Court.

Dated: June 21, 2023                           TYSON & MENDES LLP

*Sarah B. Hartig*

_____
Thomas E. McGrath
Nevada Bar No. 7086
Sarah B. Hartig
Nevada Bar No. 10070
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant, Tribal Manufacturing Inc.*

5

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b) I hereby certify that I am an employee of Tyson & Mendes LLP, and on June 21, 2023, I caused the foregoing document entitled **DEFENDANT TRIBAL MANUFACTURING, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon the following individual via the Court's CM/ECF system:

NATALIE M KEUSSEYAN
Cozen O'Connor
500 North Rainbow Blvd., #300
Las Vegas, NV 89107
*Attorneys for Plaintiff*

                                    */s/Marianne Gadhia*
                                    An employee of Tyson & Mendes LLP

6